# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**KENNETH O'ROURKE**<br><br>　　　　　**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:19-CR-99-DAK**<br><br>**Judge Dale A. Kimball** |

　　　　This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) [ECF No. 74]. Defendant requests that the court release him from custody due to child care issues for his son and his completion of a rehabilitation program while incarcerated.

　　　　The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). In this case, Defendant exhausted his administrative remedies with the Bureau of Prisons and attached his request as an exhibit to his motion. The United States filed an opposition to Defendant's motion. The United States Probation Office did not provide any information to the court.

　　　　Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence

reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

On June 22, 2021, this court sentenced Defendant to 84 months incarceration with the Bureau of Prisons ("BOP"). Defendant has served just over half of his sentence. Defendant asks for compassionate release to care for his son. However, it is not clear that he is the only possible caregiver, and incarceration frequently causes a hardship on family members. Defendant has a long criminal history and the drugs, guns, and body armor Defendant possessed when he was arrested and caring for his son do not weigh in favor of him providing that care again. The court does not believe that his request to care for his son, while laudable, presents extraordinary circumstances for compassionate release. In addition, Defendant's completion of a rehabilitation program while incarcerated is not extraordinary or compelling as the First Step requires. Rehabilitation on its own is expected, not extraordinary. The court has found an exhaustion of all available rehabilitation programs along with other factors to be extraordinary but has never found the completion of one program to be extraordinary. Therefore, the court concludes that Defendant has not demonstrated the kind of extraordinary and compelling reasons required for a reduction of sentence under the First Step Act.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 74] is DENIED.

Dated this 28th day of May 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge